IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                      Petitioner,                      REPORT AND
v.                                             RECOMMENDATION

ANA BOATWRIGHT, Warden,                  08-cv-184-bbc
New Lisbon Correctional Institution,

                      Respondent.

---

REPORT

This petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is before me for report and recommendation to the district court. Lawrence Northern, an inmate at the New Lisbon Correctional Institution, challenges his confinement resulting from his January 11, 2002 conviction in the Circuit Court for Eau Claire County for possession with intent to distribute >15-40 grams of cocaine and possession with intent to distribute cocaine, party to a crime. He contends that he is in custody in violation of the laws and Constitution of the United States because his postconviction counsel was ineffective for not arguing on direct appeal that his trial counsel was ineffective for failing to: 1) object to the court's improper response to a question from the jury during deliberations; and 2) challenge the second amended information on the day before trial.

I am recommending that the court deny the petition. Petitioner's claims fail because the state courts did not unreasonably apply clearly established federal law or unreasonably determine the facts in denying the claims.

From the state circuit court and appellate court decisions, court records available electronically and the parties' submissions, I find the following facts:

## I. FACTS

On September 24, 2001, petitioner was charged with six counts of possessing more than 100 grams of cocaine with the intent to deliver it (one count for each month between January and June 2001), as a party to a crime and one count of possessing >15-40 grams of cocaine with the intent to deliver it (committed on September 20, 2001). At a hearing on January 8, 2002, the afternoon before trial, petitioner learned that Hollie Peterson, one of his co-defendants, had entered a plea and would be testifying for the state. The trial court offered an adjournment to allow the defendants time to prepare, but all agreed to proceed with trial. The prosecutor then requested and received permission to file a second amended information to eliminate the charges against Peterson. *State v. Northern (Northern III)*, No. 2007 AP 168, dkt. 1 at 47.

On the first day of trial, January 9, 2002, the prosecutor filed a second amended information. It not only dismissed Peterson's charges but consolidated petitioner's six counts of possessing more than 100 grams into one count, committed between January and September 2001. As a result, petitioner faced only two charges: possession of more than 100 grams, party to a crime and possession of >15-40 grams, party to a crime. *Northern III*, dkt. 1 at 47; Second Amended Information, dkt. 8 at 47. Petitioner did not have advance warning that the second amended information would apply to him. However, his trial attorney did not object. *Northern III*, dkt. 1 at 47-8.

2

At trial, petitioner's accomplice, Sherri Mitchell, testified that in January 2001, petitioner delivered at least one-quarter kilogram of cocaine to her home for processing and sale. *Northern III*, dkt. 1 at 47; trial transcript, dkt. 9, Exh. Z at 6-8. Mitchell also stated that between January and July 2001, petitioner delivered at least one-quarter kilogram of cocaine to her home on five to ten different occasions. Dkt. 9, Exh. Z at 14. Peterson testified that on one occasion, petitioner delivered 125 grams of cocaine to her for processing and sale. She stated that she had sold some of the cocaine from petitioner but that she still had most of it when she was arrested in September 2001. *Northern III*, dkt. 1 at 47-8.

Petitioner's jury trial concluded on January 11, 2002. The trial court judge instructed the jury that they would have to answer questions on the verdict forms as to the amount of cocaine involved and explained that they would have to be "satisfied beyond a reasonable doubt as to the amount of cocaine for each count." Trial transcript, dkt. 11, Exh. BB at 20-1. The judge did not read the verdict forms directly because the parties had agreed that they were redundant. *Id.* at 14.

During deliberations, the jury asked the following question:

> On count one regarding one of the defendants we all agree that he is guilty of possession with intent to deliver cocaine as a party to a crime during January-September 2001. However, there is one juror who does not believe without reasonable doubt that there was more than one hundred grams. Do we have to have a unanimous vote on that as well or do we just answer that as no?

Dkt. 11, Exh. BB pt. 2 at 38. After discussing the matter both on and off the record with the defendants' attorneys, the prosecutor stated that "the defense attorneys advised me that their preference would be to" have the jury write what amount they unanimously agree with versus

3

having the court instruct the jury about a lessor included charge. *Id.* at 43-4. After having an opportunity to confer with his attorney, petitioner stated on the record that he understood and agreed with the proposal. *Id.* at 50. The circuit court then told the jury the following:

> Your verdict must be unanimous and if you are unable to unanimously agree as to one of the defendants that the evidence established beyond a reasonable doubt that he possessed with intent to deliver more than one hundred grams, then I would ask you to fill in whatever amount you can unanimously agree the evidence established beyond a reasonable doubt was possessed with intent to deliver.

*Id.* at 53.

The jury found all co-defendants, including petitioner, guilty of possession with the intent to distribute more than one hundred grams of cocaine, party to a crime. The jury also found petitioner guilty of possession with the intent to distribute >15-40 grams of cocaine. *Id.* at 55; Consolidated Court Automation Programs (CCAP) WI Circuit Court Access for Eau Claire County Case No. 2001 CF 580 at http://wcca.wicourts.gov (visited July 8, 2008). On June 17, 2002, the court sentenced petitioner to 30 years in prison and 10 years extended supervision on the first offense and 20 years in prison and 10 years of extended supervision on the second offense, to run concurrently. Dkt. 1 at 19.

Through counsel, petitioner appealed his conviction, arguing that the state violated his due process rights by violating its discovery obligations to him. On November 4, 2003, the Wisconsin Court of Appeals affirmed petitioner's conviction, finding that he had failed to preserve these issues for appellate review. *State v. Northern* (*Northern I*), No. 2003 AP 246 (Wis. Ct. App. Nov. 4, 2003), dkt. 1 at 29-35. The Wisconsin Supreme Court denied his petition for review on March 23, 2004. Dkt. 6, Exh. G.

In March 2005, petitioner filed a motion for a new trial under Wis. Stat. § 974.06. Among other things, petitioner argued that his trial counsel was ineffective because he failed to challenge the defective jury instruction. The circuit court denied the motion without a hearing and without stating reasons. Petitioner appealed, arguing that he could raise an ineffectiveness of counsel claim for the first time in a collateral proceeding despite the prohibition in § 974.06(4). *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994) (state prisoner must raise all grounds for relief in original motion or appeal unless sufficient reason exists for not doing so)). Petitioner based his argument on the holding in *Massaro v. United States*, 538 U.S. 500, 504 (2003), in which the Court found that a defendant in federal court can raise an ineffectiveness of assistance of counsel claim for the first time in a collateral proceeding under 28 U.S.C. § 2255, even if the defendant could have raised the claim on direct appeal. Dkt. 7, Exh. H and H1.

In an order entered on May 16, 2006, the court of appeals rejected petitioner's argument, noting that there was no counterpart to § 974.06(4) in the federal statutes and the Court in *Massaro* acknowledged that federal defendants do not have an opportunity to develop the factual predicate for an ineffective assistance claim on direct appeal. *State v. Northern* (*Northern II*), No. 2005 AP 1215 (Wis. Ct. App. May 16, 2006), dkt. 1 at 38. The appellate court noted that although § 974.06(4) requires Wisconsin defendants to raise all grounds for relief in their original motion challenging their conviction, criminal defendants have the opportunity to question counsel in a post-trial hearing before raising their ineffectiveness of trial counsel claim on appeal. *Id.* (citing *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905) (Ct. App. 1979)).

In the alternative, petitioner argued that the ineffectiveness of his postconviction counsel provided a sufficient reason for not earlier raising his ineffectiveness of trial counsel claim with respect to the jury instruction. The appellate court was not persuaded. Citing the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the court determined that petitioner's legal representation was not professionally unreasonable because he, his trial attorney, his co-defendants and their attorneys all approved the jury instruction after lengthy discussion on the record. *Northern II*, dkt. 1 at 39-40. The appellate court also noted that a defendant who fails to object to errors in a proposed jury instruction waives his right to raise the issue on appeal. *Id.* at 40 (citing *State v. DeRango*, 229 Wis. 2d 1, 34, 599 N.W.2d 27 (Ct. App. 1999)). Accordingly, the court held that petitioner had failed to overcome the presumption that his attorneys' performance was not deficient. Because petitioner failed to satisfy the first prong of the *Strickland* test, the court did not address the second, "prejudice" prong. *Id.* The Wisconsin Supreme Court denied his petition for review on August 30, 2006. Dkt. 6, Exh. M.

On August 18, 2006, petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to *State v. Knight* in the state court of appeals, arguing in relevant part that his appellate counsel was ineffective for not raising on direct appeal that his trial counsel failed to object to an improper amendment of the information. Dkt. 8 at 1-2. The court of appeals denied the writ ex parte on August 25, 2006. CCAP, *Northern v. Lundquist*, No. 2006 AP 2051. Although the Wisconsin Supreme Court vacated that decision and remanded the matter for consideration of limited issues, it ultimately denied review of the court of appeals' decision on the merits on August 14, 2007. *Id.*; dkt. 1 at 42-3.

6

Petitioner filed a second § 974.06 motion in the circuit court on September 8, 2006, alleging that his trial counsel was ineffective for failing to object to the state's last minute amendment to the information and that he had sufficient reason for failing to raise this issue in his first postconviction motion. The circuit court denied the motion without a hearing or stating its reasons for doing so. Petitioner appealed. On November 29, 2007, the court of appeals affirmed, denying his claim on the merits.[1] Applying the standard set forth in *Strickland*, 466 U.S. 668, for ineffective assistance of counsel claims, the court of appeals found that petitioner had not shown that his trial attorney's failure to object to the second amended information was prejudicial. *State v. Northern* (*Northern III*), No. 2007 AP 168, dkt. 1 at 46-51.

The court of appeals rejected petitioner's argument that the trial court would have compelled the state to prosecute the multiple count information as a sanction for not divulging sooner its intent to broaden the alleged timeline of the charge (from January-June 2001 to January-September 2001). Specifically, the court noted that nothing in the record indicated that the trial court would have imposed such a sanction, or any sanction at all, for the 19-hour delay in notification.[2] Further, it found that petitioner had not explained how postponement might have affected the outcome of the trial. *Northern III*, dkt. 1 at 50.

Given Mitchell's testimony about his January 2001 delivery of more than 250 grams of cocaine, the appellate court also rejected petitioner's argument that the multiple count

---

[1] Although the appellate court noted that petitioner had failed to raise his claim on direct appeal or in his first postconviction motion, it found that he had explained sufficiently his failure to do so.

[2] The June 8, 2002 hearing at which the prosecutor notified the court of his desire to amend the information began at 2 p.m. Petitioner received notice of the amended timeline related to the consolidated charge shortly after 9 a.m. the next morning.

information would have resulted in his acquittal on each of the six unconsolidated charges. The court noted that if questioned further, Mitchell may have been able to specify when petitioner made his other deliveries between January and June 2001. The court of appeals concluded that because Mitchell's testimony supported petitioner's conviction on at least one count–and possibly more–of the multiple count information, petitioner would have been no better off under a multiple count information than he was under the consolidated count information. *Northern III*, dkt. 1 at 50-51.

The Wisconsin Supreme Court denied petitioner's petition for review on January 22, 2008. Petitioner filed his petition for a writ of habeas corpus in this court on April 2, 2008.

## II.  ANALYSIS

### A.  Legal Framework

Pursuant to 28 U.S.C. § 2254(d), this court must accord special deference to the conclusion reached by the state court of appeals. Specifically, this court may not grant petitioner's application for a writ of habeas corpus unless the state court's adjudication of his claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

8

A decision is "contrary to" federal law when the state court applies a rule that "contradicts the governing law set forth by the Supreme Court," or when an issue before the state court "involves a set of facts materially indistinguishable from a Supreme Court case," but the state court rules in a different way. *Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Under § 2254(d)(2), a federal court can disagree with a state court's factual determination and overturn it if the decision was objectively unreasonable or incorrect. *Miller-El v. Cockrell*, 537, U.S. 322, 340 (2003); *Baird v. Davis*, 388 F.3d 1110, 1124 (7th Cir. 2004). However, "the level of deference given state court factual findings on habeas review is exceptionally high." *Baird*, 388 F.3d at 1124 (citing *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). In fact, under § 2254(e)(1), the state court's findings of fact are presumed correct, and it is petitioner's burden to rebut that presumption with clear and convincing evidence. *Id.*

In this case, both of petitioner's claims relate to ineffective assistance of counsel. To establish these claims, he must prove that: (1) the attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The defendant "bears a heavy burden when seeking to establish an ineffective assistance of counsel claim." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (quoting *Drake v. Clark*, 14 F.3d 351, 355 (7th Cir. 1994)). To satisfy the first prong of the *Strickland* test, the performance element, a defendant must identify the acts or omissions of counsel that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690; *United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). A court's review of counsel's performance is highly deferential, presuming reasonable judgment and declining to second-guess strategic

9

choices. *Strickland*, 466 U.S. at 689; *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). With regard to the second prong, the prejudice element, "the defendant must show that there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Moya-Gomez,* 860 F.2d at 764.

**B. Jury Instruction**

Petitioner faults his postconviction counsel for not arguing on direct appeal that his trial lawyer erred in failing to object to the court's explanation to the jury regarding the verdict form. Petitioner first presented this claim in a March 2005 postconviction motion under § 974.06. The court of appeals correctly noted that the claim was barred under § 974.06(4) and *Escalona-Naranjo*, 185 Wis. 2d at 179-81, because petitioner had not raised it in an earlier challenge. Petitioner made two arguments in an attempt to excuse his procedural error. First, he claimed that *Massaro* overruled the requirements of § 974.06(4) and *Escalona-Naranjo*. The court of appeals reasonably concluded that *Massaro* did not excuse petitioner's obligations because it applied only to federal defendants filing a petition for a writ of habeas corpus under 28 U.S.C. § 2255. The holding in *Massaro* "is a rule of practice for federal judges in federal criminal cases and does not change the relation between state and federal courts." *Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005) (citations omitted); *see also Lewis v. Sternes*, 390 F.3d 1019, 1032 (7th Cir. 2004) (*Massaro* is silent on § 2254 claims); *Page v. Frank*, 343 F.3d 901, 908 n.3 (7th Cir. 2003) (citing *Perkins v. Lee*, 72 F. Appx 4, 9 n.1 (4th Cir. 2003) (*Massaro* applies only to § 2255

cases and not cases originating in state court)); *Gomez v. Jaimet*, 350 F.3d 673, 678 (7th Cir. 2003) (*Massaro* not legally binding on states because it was not a constitutional decision).

Second, petitioner alleged that the ineffective assistance of his postconviction counsel constituted a sufficient reason for not earlier raising his claim. The court of appeals rejected that argument after determining that petitioner's postconviction counsel was not ineffective under the first prong of *Strickland*. In making this determination, the court considered the fact that petitioner, his trial attorney and his co-defendants and their attorneys all approved the jury instruction after a lengthy discussion on the record. The appellate court also noted that petitioner had waived his right to raise any error in the instruction or verdict on appeal.

The state court's reasoning is somewhat tenuous and unclear. The fact that petitioner's trial attorney made the same decision as other defense counsel does not necessarily mean that his performance was up to professional standards or that postconviction counsel's decision not to raise the issue after trial was reasonable. The appellate court's discussion of waiver also is not persuasive. Even if petitioner waived his right under state law later to challenge the jury instruction or verdict, that fact alone does not excuse postconviction counsel's failure to raise an ineffectiveness of trial counsel claim after trial. Nonetheless, I am convinced that the state court's denial of petitioner's claim is not contrary to *Strickland* and is not based on an unreasonable determination of fact. There is no evidence that either of petitioner's attorneys performed below an objective standard of reasonableness or prejudiced the defense.

Petitioner asserts that the trial court's response to the jury question was contrary to Wisconsin Criminal Jury Instruction 6001. Petitioner is incorrect. The standard instruction

11

recommends that the jury be addressed as follows regarding finding the amount of a controlled substance:

> If you find the defendant guilty, you must answer the following question(s) "yes" or "no":
>
> Was the amount of (name controlled substance), including the weight of any other substance or material mixed or combined with it, more than (state amount which determines the penalty)?
>
> Before you may answer this question "yes," you must be satisfied beyond a reasonable doubt that the amount was more than (state amount).

WIS JI-Criminal 6001. Comment 1 to the instruction states that it is "preferable to state the question in terms of whether the required amount is present rather than to ask the jury to agree on a specific amount. Requiring such agreement might cause a delay in reaching a verdict that is not related to any essential issue." Comment 2 states that "[i]t may be appropriate to submit more than one question if there is a reasonable basis for finding that a larger amount was not established and that a smaller amount was established (as in a lesser included offense situation)."

At petitioner's trial, the circuit court did not read the verdict forms in instructing the jury but it did tell the jury that they must be "satisfied beyond a reasonable doubt as to the amount of cocaine for each count."[3] The jury apparently understood this charge. During deliberations, the jury came to an impasse because one juror was not satisfied beyond a reasonable doubt that one defendant possessed with the intent to deliver more than one hundred grams of cocaine. The jury asked whether they should answer "no" on the verdict form because they were not unanimous. Petitioner asserts that the trial court placed a needless burden on the jury by asking

---

[3] The verdict forms used at trial are not part of the record before this court.

12

it to state the specific amount of cocaine that they unanimously agreed that the defendant possessed with an intent to deliver. Petitioner asserts that because the court's response was incorrect and misleading, it deprived him of a reliable result. Dkt. 13 at 7-8.

The Wisconsin Supreme Court has held that the trial court has broad discretion in deciding whether to give a particular jury instruction. *State v. Fonte*, 281 Wis.2d 654, 664, 698 N.W.2d 594 (2005). "[E]ven where there is a pattern jury instruction, it remains the trial court's responsibility to properly instruct the jury, even if that means varying from the pattern jury instruction when 'the situation envisioned by such instruction varies from the situation at issue.'" *Root v. Saul*, 293 Wis. 2d 364, 376, 718 N.W.2d 197 (Ct. App. 2006) (quoting *State v. Wolter*, 85 Wis.2d 353, 370, 270 N.W.2d 230 (Ct. App. 1978)). Although the validity of a jury verdict is affected by the instructions, a new trial is not warranted unless the error was prejudicial. As long as the overall meaning communicated by the instructions was a correct statement of the law, no grounds for reversal exist. *Fonte*, 281 Wis. 2d at 666-67; *State v. Hemphill*, 296 Wis.2d 198, 205, 722 N.W.2d 393, 396-97 (Ct. App. 2006).

Although the court's response to the jury's question did not mirror the standard instruction, it accurately stated the law and permitted the jury to determine the amount of cocaine possessed by petitioner beyond a reasonable doubt. *See* Wis. Stat. § 961.41(1m)(cm) (offense and penalties for possession with intent to deliver).[4] As the state court of appeals noted, petitioner's trial attorney obviously had time to consider the issue and consult with petitioner and the other defense attorneys. It is certainly reasonable to infer that petitioner's attorney did

---

[4] After petitioner was convicted, Wisconsin eliminated possession with intent to deliver more than 100 grams of cocaine as a separate offense.

not believe that it was advantageous to force the jury to make further attempts to reach an unanimous decision or decide whether the specific defendant possessed more than 40 grams of cocaine (the next lesser amount). *See* Brief in support of petition, dkt. 13 at 6 (identifying these as "two legitimate choices" for trial court's response). The Supreme Court has made clear that it is not the reviewing court's role to second guess a strategic choice made by an attorney at trial as long as his performance was within the wide range of professionally competent assistance given all of the circumstances existing at the time. *Strickland*, 466 U.S. at 689-90. Accordingly, petitioner's trial counsel's decision to agree with the court's response was not unreasonable.

In any event, petitioner does not allege how he was prejudiced by the instruction or his attorney's failure to object to it. Nothing in the record indicates that petitioner did not receive a fair trial or a reliable verdict. The jury unanimously agreed to an amount of more than 100 grams. The jury also made clear that their question applied only to one defendant. There is no indication that this defendant was petitioner. The Wisconsin Criminal Jury Instructions Committee recommends not asking the jury to state the amount themselves because it may cause delay in reaching a verdict. WIS JI-Criminal 6001, Comment 1. However, in this case, the jury already had tried and failed to reach unanimous agreement on the 100 grams of cocaine. After receiving the court's additional instruction, the jury deliberated only one hour before reaching a verdict. If anything, the court's response seems to have clarified the issue for the jury rather than add confusion or delay.

Finally, even if petitioner's trial attorney had objected to the instruction and preserved petitioner's right to later challenge it, it is highly unlikely that he would have been granted a new trial by the state courts. As discussed, as long as the overall meaning communicated by the

14

instructions correctly stated the law and was not prejudicial, no grounds for reversal exist. *Fonte*, 281 Wis.2d at 666-67.

### C. Amended Information

Petitioner faults his postconviction counsel for not raising on appeal that his trial attorney was ineffective for not objecting to the second amended information on the first day of trial. He asserts that he was prejudiced by this alleged error because had his attorney objected to the second amendment, the trial court would have barred its use and ordered the state to proceed on the multiple count information. Petitioner maintains that there is a reasonable probability that the jury would have acquitted him on the six counts of the first amended information. In support, he points out that the second amended information enlarged the time period from January through June 2001 to January through September 2001. Petitioner contends that using the more limited time period would have made Peterson's testimony irrelevant and thrown Mitchell's testimony into doubt.

Although petitioner did not raise this claim in his initial postconviction proceedings, the state court of appeals agreed that petitioner had a sufficient reason for not doing so and reached the merits of his ineffective assistance of trial counsel claim. The appellate court determined that petitioner had not shown that he was prejudiced by his trial attorney's alleged error. Specifically, the court noted that nothing in the record indicated that the trial court would have forced the state to proceed on the first amended information had it received an objection from defense counsel. The court of appeals found petitioner's contention that he would have been acquitted

15

on each of the charges in the multiple count information to be equally speculative. Both of these findings are reasonable. Petitioner's arguments are conjectural and do not establish that but for his attorney's error, the result of the trial probably would have been different. *See Strickland*, 466 U.S. at 694.

The evidence against petitioner at trial consisted of the testimony of two witnesses: Peterson and Mitchell. Under petitioner's theory, Peterson's testimony would be irrelevant because she failed to identify *when* petitioner delivered cocaine to her house. Even assuming this would be the case, Mitchell provided sufficient evidence to convict petitioner on at least one count of possession with intent to deliver more than 100 grams of cocaine (*i.e.*, the count relating to January 2001). The state court of appeals found and my review of the trial transcript confirms that Mitchell testified that petitioner delivered more than 250 grams of cocaine to her home in January 2001. Although petitioner correctly points out that the remainder of Mitchell's testimony is unclear as to the dates of delivery, it does not matter. Petitioner would have been no better off under the multiple count information than he was under the consolidated count information. Further, as the appellate court noted, Mitchell also may have been able to specify when petitioner made his other deliveries between January and June 2001, thereby supporting convictions on other counts of the multiple count information.

### D.  Conclusion

I find that the state court of appeals did not unreasonably apply clearly established federal law or unreasonably determine the facts in denying either of petitioner's claims. Because

the record does not support petitioner's claims that his trial attorney was ineffective for failing to object to the jury instruction or the second amended information, it follows that his postconviction attorney was not ineffective for failing to raise either issue. Accordingly, I am recommending the dismissal of both of petitioner's claims.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I respectfully RECOMMEND that the petition of Lawrence Northern for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Entered this 28th day of July, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge