IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE NORTHERN,

                              Petitioner,                          ORDER

          v.
                                                              08-cv-184-bbc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is petitioner's request for a certificate of appealability from this

court's judgment entered on August 18, 2008, dismissing his petition for a writ of habeas

corpus under 28 U.S.C. § 2254. Petitioner has not paid the $455 filing fee or filed a request

for leave to proceed in forma pauperis on appeal. (Petitioner paid the five dollar filing fee

in this court, so there is no affidavit of indigency to which this court could now refer).

A certificate of appealability shall issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." Id.; see also 28 U.S.C. § 2253(c)(2). In

order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed

1

further.' " <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4 (1983)).

Petitioner seeks a certificate of appealability with respect to his claims that his appellate counsel was ineffective in not raising on direct appeal the issue of trial counsel's ineffectiveness in failing to object both to an amended information and to the trial court's response to a jury question during deliberations.  This court reviewed the two claims on their merits.  I adopted the magistrate judge's report, agreeing with his conclusion that the state courts' denial of petitioner's claims of ineffectiveness was not contrary to clearly established federal law or based on an unreasonable determination of the facts.

I agreed with the magistrate and the state court of appeals that petitioner was not prejudiced by his trial attorney's failure to object to an amended information.  Nothing in the record indicated that the trial court would have forced the state to proceed on the first amended information had it received an objection from defense counsel or that petitioner would have been acquitted on each of the charges in the original, multiple count information.  I also agreed that trial counsel's failure to object to the trial court's response to the jury's question was well within the wide range of professionally competent assistance.  Although the response did not mirror the standard jury instruction, it accurately stated the law and permitted the jury to determine the amount of cocaine possessed by petitioner

2

beyond a reasonable doubt.  There also was no evidence that petitioner was in any way prejudiced by the instruction or his attorney's failure to object to it.

Having reviewed my order and the magistrate's report and recommendation, I am convinced that reasonable jurists would not debate that the state courts took petitioner's claims seriously, applied the proper Supreme Court rules and reached a decision that was "within the range of defensible positions."  Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000).  Therefore, petitioner's request for a certificate of appealability will be denied.

Because petitioner has not paid the filing fee, it is reasonable to infer that he may wish to seek leave to proceed in forma pauperis on appeal.  To grant such a request, this court must find that petitioner is indigent and taking his appeal in good faith.  28 U.S.C. § 1915(a)(3).  To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit.  Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000).  I cannot certify that his appeal is not taken in good faith.  However, I cannot make a final determination until petitioner submits an affidavit of indigency accompanied by the required six-month trust account statement.

ORDER

IT IS ORDERED that petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

Entered this 2nd day of September, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4